UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UTC ASSOCIATES INC.,                             :
                                                 :
                    Plaintiff,          :
                                                 :    15 Civ. 5795 (VEC) (RLE)
      - against -                               :
                                                 :
GLOWPOINT INC.,                                  :
                                                 :
                    Defendant.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# GLOWPOINT, INC.'S MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS COMPLAINT

**SULLIVAN & WORCESTER LLP**

1633 Broadway
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001

*Attorneys for Defendant Glowpoint, Inc.*

## TABLE OF CONTENTS

FACTUAL BACKGROUND ................................................................................................... 1

ARGUMENT ......................................................................................................................... 2

I.   THE COMPLAINT FAILS ADEQUATELY TO ALLEGE
     A FRAUD CLAIM ......................................................................................................... 3

     a. The Allegations Lack the Requisite Particularity ............................................... 3

     b. The Complaint Fails to Allege Each Requisite Element of a Fraud Claim ....... 4

II.  THE COMPLAINT FAILS ADEQUATELY TO ALLEGE
     BREACH OF CONTRACT CLAIMS ......................................................................... 5

III. THE COMPLAINT FAILS ADEQUATELY TO ALLEGE
     AN UNJUST ENRICHMENT CLAIM ........................................................................ 8

CONCLUSION ...................................................................................................................... 9

**TABLE OF AUTHORITIES**

Cases

*AIG Global Sec. Lending Corp. v. Banc of Am. Sec. LLC*,
    254 F. Supp. 2d 373 (S.D.N.Y. 2003) ................................................................................... 4

*Anwar v. Fairfield Greenwich Ltd.*,
    286 F.R.D. 258 (S.D.N.Y. 2012) ...................................................................................... 3, 4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................. 2

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007) ................................................................................................... 3

*Bazak Int'l Corp. v. Tarrant Apparel Grp.*,
    347 F. Supp. 2d 1 (S.D.N.Y. 2004) ...................................................................................... 9

*CDO Plus Master Fund Ltd. v. Wachovia Bank, N.A.*,
    No. 07 Civ. 11078 (LTS) (AJP), 2009 WL 2033048 (S.D.N.Y. July 13, 2009) ................... 7

*Cho v. 401-403 57th St. Realty Corp.*,
    24 A.D.3d 153 (1st Dep't 2005) .......................................................................................... 6

*ESPN, Inc. v. Office of the Commissioner of Baseball*,
    76 F. Supp. 2d 383 (S.D.N.Y. 1999) .................................................................................... 7

*Eternity Global Master Fund, Ltd. v. Morgan Guar. Trust Co. of N.Y.*,
    375 F.3d 168 (2d Cir. 2004) ................................................................................................. 3

*Georgia Malone & Co. v. Rieder*,
    19 N.Y.3d 511 (2012) .......................................................................................................... 8

*In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*,
    995 F. Supp. 2d 291 (S.D.N.Y. 2014) .................................................................................. 4

*In re First Cent. Fin. Corp.*,
    377 F.3d 209 (2d Cir. 2004) ................................................................................................. 8

*Intercept Pharm., Inc. v. Howard*,
    No. 14-2920-CV, 2015 WL 5062471 (2d Cir. Aug. 28, 2015) ............................................ 5

*Johnson v. Priceline.com, Inc.*,
    711 F.3d 271 (2d Cir. 2013) ................................................................................................. 2

*Kaye v. Grossman*,
    202 F.3d 611 (2d Cir. 2000) ................................................................................................. 8

*Medinol Ltd. v. Boston Scientific Corp.*,
    346 F. Supp. 2d 575 (S.D.N.Y. 2004) .............................................................................. 7

*Pesa v. Yoma Dev. Grp., Inc.*,
    18 N.Y.3d 527 (2012) ....................................................................................................... 6

*RGH Liquidating Trust v. Deloitte & Touche LLP*,
    47 A.D.3d 516 (1st Dep't 2008) ...................................................................................... 5

*Schultz v. Gershman*,
    68 A.D.3d 426 (1st Dep't 2009) ................................................................................. 8, 9

*Travellers Int'l AG v. Trans World Airlines, Inc.*,
    722 F. Supp. 1087 (S.D.N.Y. 1989) ................................................................................ 6

*United States v. Hon*,
    17 F.3d 21 (2d Cir. 1994) ................................................................................................. 6

*VCG Special Opportunities Master Fund Ltd. v. Citibank, N.A.*,
    594 F. Supp. 2d 334 (S.D.N.Y. 2008) *aff'd*, 355 F. App'x 507 (2d Cir. 2009) ................. 7

*Virgin Grp. Holdings Ltd. v. Energy Parametrics & Commc'ns, Inc.*,
    No. 10 CV 08752 (BSJ) (THK), 2011 WL 4448943 (S.D.N.Y. Sept. 26, 2011) .................. 6

Rules

Fed. R. Civ. P. 9(b) ............................................................................................................. *passim*

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 1, 2

This action is nothing more than an attempt by plaintiff UTC Associates, Inc., a disgruntled former business partner, to extract money from defendant Glowpoint, Inc. ("Glowpoint") after Glowpoint rightfully terminated the parties' business relationship. That plaintiff's claims are not grounded in legally actionable harm is borne out by the paucity of allegations in the complaint.

The complaint contains claims for fraud, breach of contract and unjust enrichment. Each fails to state a claim upon which relief can be granted. Plaintiff fails to plead its fraud claim with the requisite particularity under Rule 9(b) of the Federal Rules of Civil Procedure. As to the breach of contract claims, plaintiff fails to allege every requisite element. Finally, plaintiff fails properly to allege that Glowpoint was unjustly enriched -- it alleges only that Glowpoint was enriched by retaining a contracted-for benefit, which cannot support an unjust enrichment claim. For these reasons, the complaint should be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

While the following factual recitation is drawn entirely from the allegations in the complaint, which are assumed to be true solely for purposes of this motion to dismiss, Glowpoint disputes these allegations, including the allegations about the enforceability and terms of the parties' alleged agreement.

Plaintiff is a software development company based in New York. *See* Complaint, filed on July 23, 2015 ("Cpt."), ¶¶ 2, 7.[1] In June 2010, plaintiff and Glowpoint entered into a contract for the provision of certain software development services. *See id.* ¶¶ 8-10. The term of the contract was five years, commencing June 30, 2010. *See id.* ¶ 8. The contract contained a provision that required Glowpoint to purchase a minimum of $50,000 of plaintiff's services per

---

[1] The complaint is attached as Exhibit A to the Declaration of Harry H. Rimm, dated September 22, 2015.

month (the "Minimum Amount").  *See id.* ¶ 8.  Glowpoint repeatedly did not purchase the Minimum Amount.  *See id.* ¶¶ 16, 21.

The contract also contained an exclusivity provision that prohibited Glowpoint from purchasing certain services from anyone other than plaintiff during the term of the contract.  *See id.* ¶ 13.  During the term of the contract, Glowpoint hired other companies to provide services covered by the exclusivity provision.  *See id.* ¶ 17.

On three specific dates during the term of the contract, unnamed Glowpoint "senior officials" stated that Glowpoint was not purchasing from another company the type of services that it was required to purchase from plaintiff and that Glowpoint was financially unable to meet the Minimum Amount.  *See id.* ¶ 29.  Glowpoint also omitted to inform plaintiff, during the term of the contract, that Glowpoint had hired other companies to provide services covered by the exclusivity provision.  *See id.*

## ARGUMENT

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual allegations to "state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (a "complaint must allege sufficient facts, taken as true, to state a plausible claim for relief.").  While the Court must accept "well-pleaded factual allegations" as true, it should not accept "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action."  *Ashcroft*, 556 U.S. at 678-79.  In this case, none of plaintiff's claims is pled adequately.

**I.      THE COMPLAINT FAILS ADEQUATELY TO ALLEGE A FRAUD CLAIM**

Under New York law, a fraud claim requires (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff.  *See Eternity Global Master Fund, Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 186-87 (2d Cir. 2004).  In addition, a fraud claim must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure.  Fed R. Civ. P. 9(b).  To satisfy the particularity requirement, the complaint must (1) identify the allegedly fraudulent statements; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

   a.   The Allegations Lack the Requisite Particularity

In this case, plaintiff fails to plead its claim with the requisite particularity under Rule 9(b).  Plaintiff fails to allege who specifically made the purported statements that Glowpoint was not using other vendors and was financially incapable of purchasing the Minimum Amount, instead vaguely referring to Glowpoint "senior officials."  *See* Cpt. ¶ 29.  In addition, plaintiff fails to allege the context in which these statements allegedly were made.  *See id.*  As a result, each of these two failures alone is a basis for dismissing the fraud claim.  *See Anwar v. Fairfield Greenwich Ltd.*, 286 F.R.D. 258, 260 (S.D.N.Y. 2012) (dismissing fraud claim where "complaint failed to . . . provide sufficient context regarding where and when the alleged misrepresentations were made . . . and [to] plead the context of the alleged misrepresentations with sufficient particularity") (internal quotation marks omitted).

More significantly, however, plaintiff fails to allege how the alleged statements were fraudulent. There is no factually-supported allegation that either of the alleged statements was false when made. *See AIG Global Sec. Lending Corp. v. Banc of Am. Sec. LLC*, 254 F. Supp. 2d 373, 382-83 (S.D.N.Y. 2003) (dismissing fraud claim where "no specific facts pleaded" to suggest statements were false or misleading). For this additional reason, the fraud claim should be dismissed.

      b. <u>The Complaint Fails to Allege Each Requisite Element of a Fraud Claim</u>

Plaintiff fails to allege that Glowpoint intended plaintiff to rely on the alleged misstatements or omissions. Nor does plaintiff allege how it relied on the alleged misstatements and omissions -- the complaint contains no allegation that any alleged misstatement or alleged omission induced plaintiff to act or not to act in any way. *See In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 995 F. Supp. 2d 291, 313 (S.D.N.Y. 2014) (reliance "involves specific action or inaction, and therefore must be pleaded with particularity"). These serve as additional bases for dismissal.

Plaintiff fails to allege how the alleged misstatements or omissions proximately caused plaintiff any harm. The only alleged harm in the entire complaint is that Glowpoint allegedly did not abide by the contract. *See* Cpt. at ¶¶ 16-17. Indeed, the complaint seeks the same amount of damages under the fraud claim and the first breach of contract claim. *See id.* at ¶¶ 22, 31-32. Simply put, the alleged misstatements and omissions have no causal connection to those damages and cannot support a claim of fraud. *See Anwar*, 286 F.R.D. at 260 (dismissing fraud claim where complaint failed "to allege with particularity what [defendant] obtained through the fraud"). This provides a separate reason for dismissal of the fraud claim.

4

Finally, a separate and distinct reason for dismissing plaintiff's fraud claim is that it is duplicative of its breach of contract claims. The alleged fraudulent statements and omissions relate to Glowpoint's performance under the contract and therefore cannot support a fraud claim independent of a breach of contract claim. *See, e.g.*, *RGH Liquidating Trust v. Deloitte & Touche LLP*, 47 A.D.3d 516, 517 (1st Dep't 2008) (plaintiff's fraud claims "properly dismissed as duplicative of its breach of contract claim, since they are based on alleged fraudulent misrepresentations related to defendants' obligation under their agreements"). Plaintiff's fraud claim therefore should be dismissed.

In sum, plaintiff's fraud claim is defective in multiple respects. Because the allegations do not meet the particularity requirement of Rule 9(b) and fail to plead numerous of the elements of fraud, the claim should be dismissed.

## II. THE COMPLAINT FAILS ADEQUATELY TO ALLEGE BREACH OF CONTRACT CLAIMS

Under New York law, a breach of contract claim must allege "(1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach." *Intercept Pharm., Inc. v. Howard*, No. 14-2920-CV, 2015 WL 5062471, at *1 (2d Cir. Aug. 28, 2015).

In this case, plaintiff alleges two breach of contract claims -- one based on Glowpoint's alleged failure to meet the Minimum Amount and the other based on Glowpoint's alleged use of other vendors to provide services it allegedly was contractually obligated to purchase from plaintiff. Both claims should be dismissed for either of two distinct reasons.

First, the essence of the two breach claims is that Glowpoint allegedly did not purchase services from plaintiff -- by not meeting the Minimum Amount and by purchasing services from other companies instead of from plaintiff -- thereby depriving plaintiff of the opportunity to

5

provide the services and enjoy the fruits of its bargain. In order adequately to plead a breach of contract claim in such situations, however, a plaintiff must allege that it was "ready, willing, and able to perform its own obligations under the contract when performance was due." *United States v. Hon*, 17 F.3d 21, 26 (2d Cir. 1994) (internal quotation marks and citation omitted); *Virgin Grp. Holdings Ltd. v. Energy Parametrics & Commc'ns, Inc.*, No. 10 CV 08752 (BSJ) (THK), 2011 WL 4448943, at *1 (S.D.N.Y. Sept. 26, 2011) (explaining that in alleging breach of contract, where opportunity for plaintiff to perform has not occurred, plaintiff must allege that it was ready, willing and able to perform). Otherwise, plaintiff cannot recover for any alleged breach. *See Cho v. 401-403 57th St. Realty Corp.*, 24 A.D.3d 153, 153 (1st Dep't 2005) (dismissing complaint alleging breach of an option agreement after trial where plaintiffs failed to prove that it had sufficient funds such that they were ready, willing and able to exercise their option at appointed time).

"It is axiomatic that damages for breach of contract are not recoverable where they were not actually caused by the breach—i.e., where the transaction would have failed, and the damage would have been suffered, even if no breach occurred." *Pesa v. Yoma Dev. Grp., Inc.*, 18 N.Y.3d 527, 532 (2012). Here, both breach of contract claims fail because plaintiff has not alleged that it was ready, willing and able to provide those services had Glowpoint sought to purchase them.

Second, plaintiff's claim with respect to the Minimum Amount is precluded on the ground of waiver. Waiver is the intentional relinquishment of a known right. *Travellers Int'l AG v. Trans World Airlines, Inc.*, 722 F. Supp. 1087, 1098 (S.D.N.Y. 1989). A party to contract waives its right to sue a breaching party where, upon learning of the breach, it chooses to continue to perform under the contract and does not give notice of the breach to the breaching

6

party.  *See Medinol Ltd. v. Boston Scientific Corp.*, 346 F. Supp. 2d 575, 620 (S.D.N.Y. 2004) (citing *ESPN, Inc. v. Office of the Commissioner of Baseball,* 76 F. Supp. 2d 383, 387-88 (S.D.N.Y. 1999)).

For example, in *CDO Plus Master Fund Ltd. v. Wachovia Bank, N.A.*, the court dismissed a breach of contract claim as waived.  No. 07 Civ. 11078 (LTS) (AJP), 2009 WL 2033048, at *6 (S.D.N.Y. July 13, 2009).  The case involved a plaintiff that sold protection on a collateralized debt obligation to the defendant through a credit default swap.  *See id.* at 1.  Plaintiff had alleged that defendant repeatedly demanded that plaintiff post additional collateral in breach of the relevant contract, which plaintiff did.  *See id.* at 2.  The court dismissed plaintiff's subsequent breach claim as waived based on the allegations in the complaint that plaintiff repeatedly posted collateral without giving defendant notice of the breach.  *See id.* at 6-7.  The Court explained that, "based on [plaintiff's] own factual allegations and the integral transaction documents . . . [plaintiff] waived its right to assert that the CDO Contract does not permit [defendant] to make Credit Support demands."  *Id.* at 7; s*ee also VCG Special Opportunities Master Fund Ltd. v. Citibank, N.A.*, 594 F. Supp. 2d 334, 342 (S.D.N.Y. 2008) *aff'd*, 355 F. App'x 507 (2d Cir. 2009) (dismissing complaint where plaintiff alleged that it repeatedly acquiesced to demands for additional collateral that allegedly violated contract).

Here, plaintiff alleges that Glowpoint breached the alleged contract by "repeatedly failing to pay" the Minimum Amount during the alleged five-year term.  *See* Cpt. ¶¶ 16, 21.  Plaintiff was aware of the alleged Minimum Amount provision and believed that it was entitled to the Minimum Amount.  *See id.* at ¶¶ 8, 21-22.  Despite these repeated alleged breaches, plaintiff does not allege that during the five-year period it ever gave notice of any alleged breach to Glowpoint, invoiced Glowpoint for the Minimum Amount or otherwise asserted its right to the

Minimum Amount in any way. Consequently, plaintiff's own allegations show that plaintiff relinquished its right to any claim with respect to the Minimum Amount. Thus, the breach of contract claim with respect to the Minimum Amount has been waived and should be dismissed.

### III. THE COMPLAINT FAILS ADEQUATELY TO ALLEGE AN UNJUST ENRICHMENT CLAIM

In order adequately to plead a claim for unjust enrichment, plaintiff must allege "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516 (2012); *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000).

Unjust enrichment is a claim sounding in quasi-contract and therefore cannot be maintained where there is a contract between the parties governing the subject matter at issue. *See In re First Cent. Fin. Corp.*, 377 F.3d 209, 213 (2d Cir. 2004) (explaining that a "quasi or constructive contract . . . is an obligation which the law creates, *in the absence of any agreement,* when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it."); *Schultz v. Gershman*, 68 A.D.3d 426, 427 (1st Dep't 2009) (dismissing unjust enrichment claim as barred by existence of contract).

Here, plaintiff fails properly to allege that Glowpoint was unjustly enriched because it alleges that there was a contract between the parties governing the subject matter at issue, which Glowpoint accepts as true solely for purposes of this motion to dismiss. *See Schultz*, 68 A.D.3d at 427. Indeed, plaintiff's unjust enrichment allegations depend upon the existence of the contract: plaintiff alleges that Glowpoint was enriched by retaining a contracted-for benefit without performing its obligations under the contract. *See* Cpt. at ¶¶ 34-35. Specifically,

8

plaintiff alleges that Glowpoint was enriched because it "retained the benefit of competitive pricing that they obtained from [plaintiff] by virtue of a contracted for guaranteed minimum amount and exclusive relationship which they failed to honor." Cpt. ¶ 35.  This is nothing more than a veiled breach of contract claim and therefore must be dismissed.  *See Schultz*, 68 A.D.3d at 427; *Bazak Int'l Corp. v. Tarrant Apparel Grp.*, 347 F. Supp. 2d 1, 4 (S.D.N.Y. 2004) (dismissing unjust enrichment claim where existence of benefit conferred depended on existence of contract).

## CONCLUSION

For the foregoing reasons Glowpoint respectfully requests that the Court dismiss plaintiff's Complaint in its entirety and with prejudice.

Dated: New York, New York
September 22, 2015

**SULLIVAN & WORCESTER LLP**

By: /s/Harry H. Rimm
Harry H. Rimm
Clark Freeman

1633 Broadway
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001

*Attorneys for defendant Glowpoint, Inc.*