UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UTC ASSOCIATES INC.,

                        Plaintiff,

    -against-

GLOWPOINT INC.

                        Defendants.
------------------------------------------------------------X

Index No.: 15-cv-05795

AMENDED COMPLAINT

## NATURE OF THE ACTION – INTRODUCTION

1. This is an action for breach of contract and fraud involving a business relationship between UTC Associates Inc. ("UTC") and Glowpoint Inc. ("Glowpoint"). The dispute concerns services provided by UTC to Glowpoint pursuant to a five year guaranteed minimum exclusive contract.

## THE PARTIES

2. Plaintiff, UTC Associates Inc., is a corporation incorporated under the laws of the State of New Jersey with its principal place of business at 80 Wall Street, Suite 1118, New York, New York 10005.

3. Defendant Glowpoint is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located at 1776 Lincoln Street, Suite 1300, Denver, Colorado 80203.

1

## JURISDICTION AND VENUE

4. This court has specific personal jurisdiction over the defendant Glowpoint pursuant to CPLR 302(a)(1) because Glowpoint transacted business within the State of New York with such companies including, but not limited to, the plaintiff, McKinsey & Co, Wiley and Sons, Teliris, TATA, Polycom and Avaya and pursuant to C.P.L.R. 302(a)(3), because Glowpoint committed a tortious act or acts without the State of New York causing injury to the plaintiff within the State and regularly did or solicited business within the State or expected to or reasonably should have expected its acts to have consequences within the State while deriving substantial revenue from interstate or international commerce.

5. Federal diversity jurisdiction exists pursuant to 28 USC § 1332(a)(1) because the plaintiff is a citizen of a different state than the defendant and because the value of the matter in controversy exceeds $75,000.

6. Venue is proper in this district pursuant to 28 USC § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## STATEMENT OF FACTS

7. UTC is full life cycle software development and network integration company providing on-shore and off-shore development and services including

systems network planning, design, testing, implementation and support in the telecommunications and information technology fields.

8. On June 30, 2010, UTC entered into an exclusive guaranteed minimum five year contract with Glowpoint, (the "Contract") in which Glowpoint guaranteed to purchase from UTC during the term of the Contract a minimum of $50,000 per month of UTC services as set forth in the Contract.

9. UTC agreed to provide and Glowpoint agreed to accept staff augmentation to Glowpoint's technology team for development and enhancement of features and capabilities of Glowpoint's products offerings.

10. The technical expertise of UTC employees servicing Glowpoint included knowledge of web technologies needed by Glowpoint.

11. Throughout the term of the Contract the precise scope of work was defined by Glowpoint.

12. The time frames for delivery of Glowpoint's work product was controlled by Glowpoint and if any personnel provided by UTC were deemed unsatisfactory by Glowpoint, UTC was obligated to and would in fact replace them.

13. Moreover, during the term of the Contract which began on June 30, 2010 and expired on June 30, 2015, Glowpoint agreed to utilize the UTC services, as set forth in the Contracts' Statement of Work, on an exclusive basis utilizing

only UTC personnel and no other contractor or source for similar or related services. As so stated in the Contract, "Glowpoint shall exclusively utilize UTC services for all development resources [and] for professional services for all custom related work".

14. During the term of the Contract Glowpoint, through its representatives, agents and/or employees represented to UTC that it was complying with the exclusive provisions contained in the Contract and was not using any others source for the goods and services that Glowpoint was contractually bound to purchase from UTC pursuant to the Contract.

15. UTC's pricing for services under the Contract was extremely competitive because of Glowpoint's promise of exclusivity and its minimum guarantee of $50,000 per month.

16. Glowpoint repeatedly breached the terms of said Contract by both failing to purchase the required $50,000 monthly minimum and by declining to compensate UTC for the differential between what it did purchase and the $50,000 guaranteed minimum.

17. In addition, Glowpoint violated the Contract by utilizing numerous companies during the term of the Contract which provided the same services that it was contractually bound to acquire from UTC. Those companies used by

Glowpoint in breach of the Contract, upon information and belief included, but were not limited to, Marlabs, 5GL and Coldwater Softwater.

18. Throughout the term of the Contract UTC's services were adequate and satisfactory to Glowpoint.

19. Notwithstanding UTC's satisfactory performance, on March 13, 2015, Glowpoint terminated its contractual relationship with UTC effective June 30, 2015. In so doing, Glowpoint cited unjustifiable performance issues and declined to acknowledge either the Contract's exclusivity or the guaranteed minimum set forth therein.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION - BREACH OF CONTRACT

20. UTC repeats and realleges each of the allegations set forth above as though more fully set forth hereinbelow.

21. Glowpoint breached its contract with UTC by repeatedly failing to pay the guaranteed minimum amount it was required to pay pursuant to the terms of the Contract.

22. At all relevant times, UTC was ready, willing and able to perform its obligations under the Contract when performance was due. Moreover, UTC brought Glowpoint's breach of the Contract to Glowpoint's attention during the course of the Contract term.

23. As a direct and proximate result of Glowpoint's multiple breaches, UTC has been damaged in a monetary sum to be determined at trial but in no event less than $1,107,100.00 plus interest and costs.

## AS AND FOR A SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

24. UTC repeats and realleges each of the allegations set forth above as though more fully set forth hereinbelow.

25. In addition to the aforesaid breaches, Glowpoint repeatedly violated the Contract's provisions requiring that Glowpoint purchase UTC services on an exclusive basis.

26. In breach of said Contract's exclusivity provisions, Glowpoint has purchased UTC services from other sources.

27. At all relevant times, UTC was ready, willing and able to perform its obligations under the Contract when performance was due. Moreover, UTC brought Glowpoint's breach of the Contract to Glowpoint's attention during the course of the Contract term.

28. The extent of the revenues spent by Glowpoint on other vendors in violation of the Contract's exclusivity provisions is, upon information and belief, in excess of one million dollars.

29. As a direct and proximate result of Glowpoint's breaches, UTC has been damaged in a sum to be determined at trial but in no event less than the

$1,107,100.00 unpaid guaranteed minimum amount plus at least an additional $1,000,000.00 spent on unauthorized sources plus the interest and the costs therein.

## AS AND FOR A THIRD CAUSE OF ACTION FOR FRAUD

30. UTC repeats and realleges each of the allegations set forth above as though more fully set forth hereinbelow.

31. On or about September 10, 2013, January 29, 2014 and February 20, 2014, Glowpoint made material misrepresentations and/or omissions of fact to UTC. Such misrepresentations included statements from Glowpoint's Chief Executive Officer Peter Holst, on September 10, 2013 and February 20, 2014 and Vice President Ted Tzang on January 29, 2014, that Glowpoint was not using and/or paying anyone else for the type of work that it was required to purchase from UTC and that it was not financially able to meet the guaranteed minimum amount set forth in the Contract.

32. Peter Holst made his September 23, 2013 misrepresentations at an early afternoon lunch meeting with UTC's president Aziz Ahmad ("Ahmad") in Berkley Heights, New Jersey at the Trap Rock Restaurant. Mr. Tzeng made his January 29, 2014 misrepresentations to Ahmad at an early evening business meeting around 5:00 P.M. in Suite 301 at 430 Maintain Avenue in Murray Hill, New Jersey.

33. Further, during the term of the Contract Glowpoint purposely omitted the fact that Glowpoint had hired other vendors to provide the services that it was contractually bound to purchase from UTC.

34. When such misrepresentations and/or material omissions were made by Glowpoint, Glowpoint knew them to be false at the time made and believed that UTC relied on such representations.

35. UTC had a reasonable basis to rely on such misrepresentations and did in fact so rely by, among other things, allocating developers to Glowpoint who could not be developed elsewhere and dedicating time from UTC's recruiting team to find personnel.

36. It was not until the latter part of the Contract that UTC learned Glowpoint had used and paid other vendors for services that it was contractually bound to use and pay UTC for. Accordingly, it became clear the UTC that Glowpoint misrepresentations were indeed false.

37. As a result of said misrepresentations, omissions and concealment, UTC has been damaged in a sum to be determined at trial but in no event less than $2,107,100.00 plus interest and costs.

WHEREFORE, plaintiff UTC prays for judgment as follows on the first cause of action in a sum to be determined at trial but in no event less than $1,107,100.00; on the second cause of action in a sum to be determined at trial but in no event less

than $2,107,100.00; on the third cause of action a sum to be determined at trial but in no event less than $2,107,000.00 plus interest together with the costs and disbursements of this action and such other and further relief as the court may deem just herein.

Dated:  October 13, 2015
        New York, New York

_____
Mario Biaggi Jr., Esq. (2284)
mbiaggi@220law.com
220 Fifth Avenue – Suite 302
New York, New York 10001
212-233-8000
Attorney for the Plaintiff
UTC Associates Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UTC ASSOCIATES INC.,                                Index No.: 15-cv-05795
                Plaintiff,

    -against-

GLOWPOINT INC.
                Defendants.
------------------------------------------------------------X

## AMENDED COMPLAINT

MARIO BIAGGI JR., ESQ.
220 FIFTH AVENUE – SUITE 302
NEW YORK, NEW YORK 10001
(212) 233-8000