UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| UTC ASSOCIATES INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | 15 Civ. 5795 (VEC) (RLE) |
| - against - | : | |
| | : | |
| GLOWPOINT INC., | : | |
| | : | |
| | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GLOWPOINT, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

**SULLIVAN & WORCESTER LLP**

1633 Broadway
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001

*Attorneys for Defendant Glowpoint, Inc.*

## <u>TABLE OF CONTENTS</u>

FACTUAL BACKGROUND ................................................................................................1

ARGUMENT ...................................................................................................................3

I.   THE AMENDED COMPLAINT FAILS ADEQUATELY TO ALLEGE
     A FRAUD CLAIM .................................................................................................3

     a.   The Amended Complaint Fails Adequately to Allege Falsity .........................4

     b.   The Amended Complaint Fails Adequately to Allege Intent to Defraud ........4

     c.   The Amended Complaint Fails Adequately to Allege Reliance ......................5

     d.   The Amended Complaint Fails Adequately to Allege that Plaintiff Suffered
          Damages as a Result of Any Reliance ..........................................................6

     e.   Certain of the Alleged Misstatements are not Pled with the Requisite
          Particularity .................................................................................................7

     f.   The Fraud Claim is Duplicative of the Breach of Contract Claims ................7

II.  THE AMENDED COMPLAINT FAILS TO ADEQUATELY ALLEGE
     BREACH OF CONTRACT CLAIMS ......................................................................9

     a.   Plaintiff Waived its Right to Enforce the Minimum Amount ......................12

     b.   Plaintiff Waived its Right to Enforce the Exclusivity Provision ..................13

III. ANY REQUEST FOR LEAVE TO REPLEAD SHOULD BE DENIED .........................13

CONCLUSION ................................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

Cases

*Anwar v. Fairfield Greenwich Ltd.*,
   286 F.R.D. 258 (S.D.N.Y. 2012) ............................................................ 6, 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................ 3, 6, 12

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007) ................................................................ 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................ 3

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*,
   98 F.3d 13 (2d Cir. 1996) ................................................................ 8

*Burgos v. Airday*,
   No. 00 Civ. 4288 (VM), 2001 WL 995342 (S.D.N.Y. Aug. 29, 2001) .................................. 14

*CDO Plus Master Fund Ltd. v. Wachovia Bank, N.A.*,
   No. 07 Civ. 11078 (LTS) (AJP), 2009 WL 2033048 (S.D.N.Y. July 13, 2009)...... 10, 11, 12, 13

*De Jesus v. Sears, Roebuck & Co.*,
   87 F.3d 65 (2d Cir. 1996) ................................................................ 13

*Eternity Global Master Fund, Ltd. v. Morgan Guar. Trust Co. of N.Y.*,
   375 F.3d 168 (2d Cir. 2004) ............................................................ 3, 4

*In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*,
   995 F. Supp. 2d 291 (S.D.N.Y. 2014) ...................................................... 5

*Johnson v. Priceline.com, Inc.*,
   711 F.3d 271 (2d Cir. 2013) ............................................................ 3

*Kaye Dentistry, PLLC v. Turchin*,
   No. 13-Civ.-5306 (JMF), 2014 WL 2649976 (S.D.N.Y. June 13, 2014) .................................. 5

*Laub v. Faessel*,
   297 A.D.2d 28 (1st Dep't 2002) .......................................................... 6

*Laugh Factory, Inc. v. Basciano*,
   608 F. Supp. 2d 549 (S.D.N.Y. 2009) ...................................................... 10

*Metro. Transp. Auth. v. Triumph Adver. Prods., Inc.,*
    116 A.D.2d 526 (1st Dep't 1986)........................................................................8-9

*Purchase Partners, LLC v. Carver Fed. Sav. Bank,*
    914 F. Supp. 2d 480 (S.D.N.Y. 2012)................................................................. 10

*RGH Liquidating Trust v. Deloitte & Touche LLP,*
    47 A.D.3d 516 (1st Dep't 2008)........................................................................... 8

*Stewart v. Maitland,*
    39 A.D.3d 319 (1st Dep't 2007)........................................................................... 9

*Travellers Int'l AG v. Trans World Airlines, Inc.,*
    722 F. Supp. 1087 (S.D.N.Y. 1989)................................................................... 10

*Triad Int'l Corp. v. Cameron Indus., Inc.,*
    122 A.D.3d 531 (1st Dep't 2014)......................................................................... 9

*U.S. Capital Partners, LLC v. Stanwich Capital Advisors, LLC,*
    No. 14 Civ. 4138 (KPF), 2015 WL 4388421 (S.D.N.Y. July 17, 2015).................... 4

*VCG Special Opportunities Master Fund Ltd. v. Citibank, N.A.,*
    No. 08 Civ. 01563 (BSJ), 2009 WL 311362 (S.D.N.Y. Jan. 29, 2009)..............11-12

*VCG Special Opportunities Master Fund Ltd. v. Citibank, N.A.,*
    355 F. App'x 507 (2d Cir. 2009)........................................................................ 12

*VCG Special Opportunities Master Fund Ltd. v. Citibank, N.A.,*
    594 F. Supp. 2d 334 (S.D.N.Y. 2008)................................................................. 11

*Zarintash v. Boffa,*
    No. 98 Civ. 2696 (RPP), 1999 WL 155991 (S.D.N.Y. Mar. 19, 1999) ................... 6

Rules

Fed. R. Civ. P. 9(b) ...................................................................................... 1, 4, 7, 9

Fed. R. Civ. P. 12(b)(6)......................................................................................... 1, 3

This is the second attempt by plaintiff UTC Associates Inc., a disgruntled former business partner, to extract money from defendant Glowpoint, Inc. ("Glowpoint") after Glowpoint rightfully terminated the parties' business relationship.  That plaintiff's claims are not grounded in legally actionable harm was borne out by the paucity of allegations in plaintiff's initial complaint.  The paltry allegations that plaintiff has added to the amended complaint only confirm that it has no viable claims against Glowpoint.

The amended complaint contains claims for fraud and breach of contract.  Each fails to state a claim upon which relief can be granted.  Plaintiff still fails to plead its fraud claim with the requisite particularity under Rule 9(b) of the Federal Rules of Civil Procedure (the "Federal Rules") and still fails adequately to allege every element of the claim.  The fraud claim is also duplicative of plaintiff's breach of contract claims.  As to the breach of contract claims, plaintiff's own allegations demonstrate that it has relinquished any right to enforce the alleged contract provisions under which it purports to sue.

For these reasons, the amended complaint should be dismissed under Rule 12(b)(6) of the Federal Rules.  Such dismissal should be with prejudice because plaintiff already has had the opportunity to amend its complaint to correct its deficient allegations.

## FACTUAL BACKGROUND

While the following factual recitation is drawn entirely from the allegations in the amended complaint, which are assumed to be true solely for purposes of this motion to dismiss, Glowpoint disputes these allegations, including, but not limited to, the allegations about the enforceability and terms of the parties' alleged agreement and the alleged statements attributed to Glowpoint's senior officers.

On July 23, 2015, plaintiff filed its initial complaint, asserting claims for breach of contract, fraud and unjust enrichment.  *See* Docket Item ("D.I.") 1.  Glowpoint subsequently

moved to dismiss the complaint, identifying numerous defects in each of plaintiff's claims.  *See* D.I. 15-17.  Instead of filing an opposition brief, plaintiff filed the amended complaint in an attempt to cure the defects that Glowpoint had identified in its motion and abandoned its claim for unjust enrichment.  *See* Am. Compl., dated Oct. 13, 2015 ("A.C."), D.I. 23.[1]

Plaintiff is a software development company based in New York.  *See* A.C. ¶¶ 2, 7.[2]  In June 2010, plaintiff and Glowpoint entered into a contract for the provision of certain software development services.  *See id.* ¶¶ 8-10.  The term of the contract was five years, commencing on June 30, 2010.  *See id.* ¶¶ 8, 13.  The contract contained a provision that required Glowpoint to purchase a minimum of $50,000 of plaintiff's services per month (the "Minimum Amount").  *See id.* ¶ 8.  Glowpoint repeatedly did not purchase the Minimum Amount.  *See id.* ¶¶ 16, 21.

The contract also contained an exclusivity provision (the "Exclusivity Provision") that disallowed Glowpoint from purchasing certain services from anyone other than plaintiff during the term of the contract.  *See id.* ¶ 13.  During the term of the contract, Glowpoint hired other companies to provide services covered by the Exclusivity Provision.  *See id.* ¶ 17.

On three occasions during the contract's term, Glowpoint told plaintiff that Glowpoint was not using from another company the type of services covered by the Exclusivity Provision and that Glowpoint was not financially able to meet the Minimum Amount.  *See id.* ¶ 31.  On September 23, 2013, Glowpoint's Chief Executive Officer made statements to this effect to plaintiff's president at a meeting in New Jersey.  *See id.* ¶¶ 31-32.  On January 29, 2014, Glowpoint's Vice President made similar statements to plaintiff's president at a meeting in New Jersey.  *See id.*  In addition, during the term of the contract, Glowpoint omitted to inform

---

[1]  On October 22, 2015, in light of the filing of the amended complaint, the Court denied as moot Glowpoint's initial Motion to Dismiss.  *See* D.I. 25.

[2]  The amended complaint is attached as Exhibit A to the Declaration of Harry H. Rimm, dated November 2, 2015.

plaintiff that Glowpoint had hired other companies to provide services covered by the Exclusivity Provision.  *See id.* ¶ 33.

On March 13, 2015, three months before the end of the contract term, Glowpoint informed plaintiff it would terminate its business relationship with UTC effective June 30, 2015 due to problems with the quality of plaintiff's services.  *See id.* ¶ 19.

## ARGUMENT

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules, a complaint must contain sufficient factual allegations to "state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted); *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (a "complaint must allege sufficient facts, taken as true, to state a plausible claim for relief.").  While the Court must accept "well-pleaded factual allegations" as true, it cannot accept "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action."  *Ashcroft*, 556 U.S. at 678-79.  Simply put, a complaint is legally insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  In this case, none of plaintiff's claims is pled adequately.

## I.     THE AMENDED COMPLAINT FAILS ADEQUATELY TO ALLEGE A FRAUD CLAIM

To state a claim for fraud under New York law, "a plaintiff must show that (1) the defendant made a material false representation, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance."  *See Eternity Global Master Fund, Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 186-87 (2d Cir. 2004) (internal quotation marks and citation omitted).  In addition, a fraud claim must be pled with particularity under Rule 9(b) of the

Federal Rules.  *See* Fed R. Civ. P. 9(b).  To satisfy the particularity requirement, the complaint must (1) identify with detail the allegedly fraudulent statement; (2) identify the speaker; (3) state where and when the statement was made; and (4) explain why the statement was fraudulent.  *See Eternity Global*, 375 F.3d at 187.  "Allegations that are conclusory or unsupported by factual assertions are insufficient."  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

     a.  <u>The Amended Complaint Fails Adequately to Allege Falsity</u>

Plaintiff fails to allege with particularity how any alleged statement was fraudulent. There is no factually-supported allegation that either of the alleged statements was false when made.  *See U.S. Capital Partners, LLC v. Stanwich Capital Advisors, LLC*, No. 14 Civ. 4138 (KPF), 2015 WL 4388421, at *5 (S.D.N.Y. July 17, 2015) (dismissing fraud claim where pleading failed to specify how alleged fraudulent statements were false).  Plaintiff nowhere alleges that Glowpoint was financially capable of meeting the Minimum Amount.  Moreover, plaintiff does not allege that Glowpoint was using other companies in violation of the Exclusivity Provision at the time when the alleged misstatement was made.  For these reasons, the fraud claim should be dismissed.

     b.  <u>The Amended Complaint Fails Adequately to Allege Intent to Defraud</u>

A plaintiff must also "allege facts that give rise to a strong inference of fraudulent intent, which may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness."  *Eternity Global Master Fund*, 375 F.3d at 187 (internal quotation marks omitted).

Here, plaintiff fails to allege particularized facts that give rise to a strong inference of fraudulent intent.  Instead, plaintiff alleges only that, when the alleged misstatements and omission "were made by Glowpoint, Glowpoint knew them to be false at the time made and believed that UTC relied on such representations."  A.C. ¶ 34.  Simply alleging that Glowpoint knew the statements to be false when made is insufficient to give rise to the requisite strong inference of fraudulent intent.  *See Kaye Dentistry, PLLC v. Turchin*, No. 13-Civ.-5306 (JMF), 2014 WL 2649976, at *5 (S.D.N.Y. June 13, 2014) (holding no strong inference of fraudulent intent where plaintiff alleged that defendants "knew that their representation . . . [was] false").

Plaintiff does not allege -- even in conclusory fashion -- that Glowpoint intended plaintiff to rely on the alleged misstatements or omission.  Plaintiff does not even allege that, when made, Glowpoint knew that plaintiff would rely on the alleged misstatements or omission.  Plaintiff instead alleges only that at some point Glowpoint "believed" that plaintiff "relied" on such representations.  *See* A.C. ¶ 34.  Plaintiff's fraud claim should be dismissed on this additional basis.

c.  <u>The Amended Complaint Fails Adequately to Allege Reliance</u>

Plaintiff further fails to allege how it relied on the alleged misstatements or omission -- the amended complaint contains neither a particularized allegation that plaintiff actually relied on the alleged misstatements or omission nor any factually supported allegation as to how plaintiff acted to its detriment in reliance on the alleged misrepresentations.  *See In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 995 F. Supp. 2d 291, 313 (S.D.N.Y. 2014) ("[R]eliance does not simply involve a state of mind; it involves specific action or inaction, and therefore must be pleaded with particularity").

Plaintiff only vaguely alleges that the alleged misstatements and omission caused plaintiff to "allocat[e] developers who could not be developed elsewhere and dedicat[e] time

5

from [plaintiff's] recruiting team to find personnel." *See* A.C. ¶ 35.  This alleged reliance makes

no sense.  It is not plausible that Glowpoint's alleged statement made in September 2013 (*see*

A.C. ¶¶ 31-32) -- more than three years into the contract term -- that it was not using other

companies for certain services would cause plaintiff to recruit and allocate developers.

Similarly, it is not plausible that Glowpoint's alleged statement that it could not afford the

Minimum Amount -- more than three years into the contract term (*see* A.C. ¶¶ 31-32) -- would

cause plaintiff to recruit and allocate developers.  Plaintiff's allegations of reliance simply are

not plausible, and the fraud claim should be dismissed.  *See Ashcroft*, 556 U.S. at 678

(explaining that plaintiff must plead factual content supporting legal conclusion).

### d.  The Amended Complaint Fails Adequately to Allege that Plaintiff Suffered Damages as a Result of Any Reliance

Plaintiff also fails to allege how any reliance on the alleged misstatements or omission

caused any damage -- to plaintiff -- distinct from the alleged breach of contract.  The only harm

alleged in the amended complaint is that Glowpoint did not abide by the contract.  *See* A.C. at

¶¶ 16-17.

In this case, the alleged misstatements and omission have no causal connection to

plaintiff's alleged damages and cannot support a claim of fraud.  *See Anwar v. Fairfield

Greenwich Ltd.*, 286 F.R.D. 258, 260 (S.D.N.Y. 2012) (dismissing fraud claim where complaint

failed to "allege with particularity what [defendant] obtained through the fraud"); *Zarintash v.

Boffa*, No. 98 Civ. 2696 (RPP), 1999 WL 155991, at *2 (S.D.N.Y. Mar. 19, 1999) (dismissing

complaint because plaintiff failed to allege "facts demonstrating that [defendant's] alleged

misrepresentations were the proximate cause of injury to her."); *Laub v. Faessel*, 297 A.D.2d 28,

31 (1st Dep't 2002) (dismissing complaint because "[r]egardless of whether plaintiff could

establish that he was induced by the alleged misrepresentations to follow [defendant's]

recommendations . . . plaintiff's claims must fail because he has not alleged or produced any evidence that those misrepresentations directly and proximately caused his investment losses."). For this additional reason, the fraud claim should be dismissed.

     e.  <u>Certain of the Alleged Misstatements are not Pled with the Requisite Particularity</u>

As to the alleged February 20, 2014 misstatement, plaintiff fails to plead its claim with the requisite particularity under Rule 9(b).  Plaintiff fails to allege where and when the statement allegedly was made.  *See* A.C. ¶ 31.  This deficiency in the amended complaint still exists, notwithstanding that Glowpoint identified -- in its previous motion to dismiss -- the insufficiency of plaintiff's allegations with respect to the alleged misstatements.  *See* Memorandum of Law in Support of Glowpoint's Motion to Dismiss the Complaint, dated Sept. 22, 2015 (the "First Memo"), at 3, DI 16.[3]  As a result, plaintiff should not be able to rely on the alleged February 20, 2014 misstatement to support its fraud claim.  *See Anwar*, 286 F.R.D. at 260 (dismissing fraud claim where "complaint failed to . . . provide sufficient context regarding where and when the alleged misrepresentations were made . . . and [to] plead the context of the alleged misrepresentations with sufficient particularity") (internal quotation marks omitted).

     f.  <u>The Fraud Claim is Duplicative of the Breach of Contract Claims</u>

Plaintiff's fraud claim also should be dismissed because it is duplicative of plaintiff's breach of contract claims.  Parallel contract and fraud claims may be brought only if a plaintiff alleges: (1) the violation of a legal duty separate and apart from the contractual duty to perform, (2) a fraudulent misrepresentation collateral or extraneous to the contract, or (3) special damages

---

[3]  Paragraph 31 of the amended complaint identifies September 10, 2013 -- two times -- as the only date in September 2013 on which Glowpoint made any alleged misstatements.  Paragraph 32 alleges that Glowpoint's Chief Executive Officer made misstatements at a September 23, 2013 meeting.  For purposes of this motion, we have assumed that the reference in paragraph 32 to September 23, 2013 is a typographical error and that the date should read September 10, 2013.  If it is not such an error, plaintiff should not be allowed to rely on the alleged September 10, 2013 misstatements to support its fraud claim because its amended pleading does not allege where or when these statements were made.

proximately caused by the fraudulent representation that are not recoverable under the contract measure of damages. *See Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996). Plaintiff alleges none of these requirements.

First, plaintiff does not allege the existence of a duty separate from the contract. *See* A.C. ¶¶ 30-37 (setting forth allegations in support of fraud claim); *see also Bridgestone/Firestone, Inc.*, 98 F.3d at 20 (finding no distinct duty because defendant did not occupy position of trust and confidence with regard to plaintiff).

Second, the alleged misstatements and omission are not collateral or extraneous to the contract -- quite the opposite is the case here; they relate to Glowpoint's performance under the contract and therefore cannot support a fraud claim independent of a breach of contract claim. *See, e.g., RGH Liquidating Trust v. Deloitte & Touche LLP*, 47 A.D.3d 516, 517 (1st Dep't 2008) (fraud claims "properly dismissed as duplicative of its breach of contract claim, since they are based on alleged fraudulent misrepresentations related to defendants' obligation under their agreements" and thus are not collateral or extraneous).

In addition, a party's assurances during the course of a contract term that it will perform under the contract are not collateral or extraneous to the contract and cannot support a claim of fraud. *See Bridgestone/Firestone, Inc.*, 98 F.3d at 19 ("We may assume that these representations were intended to lull [plaintiff] into a false sense of security . . . . However, these facts amount to little more than intentionally-false statements by [defendant] indicating his intent to perform under the contract. That is not sufficient to support a claim of fraud under New York law."); *Metro. Transp. Auth. v. Triumph Adver. Prods., Inc.*, 116 A.D.2d 526, 527 (1st Dep't 1986) (fraud claim "alleges only a breach of the representation of performance implicit in making the bid and a subsequent assurance of performance . . . None of these allegations is

8

distinct from those giving rise to the breach of contract claim . . . .").  As a result, Glowpoint's alleged misstatements, which simply were assurances to plaintiff, cannot support a claim of fraud.

Finally, plaintiff does not claim any special damages that are not recoverable under a contract measure of damages.  *See Triad Int'l Corp. v. Cameron Indus., Inc.*, 122 A.D.3d 531, 531 (1st Dep't 2014) (fraud claim found duplicative of contract claim where plaintiff sought same compensatory damages for both claims and "seeks to be placed in the same position that it would have been in had [defendant] performed"); *Stewart v. Maitland*, 39 A.D.3d 319, 319 (1st Dep't 2007) (fraud claim duplicative of contract claim "inasmuch as it alleged no factual basis for recovery other than defendants' failure to keep promises; no damages were sought thereunder that would not be recoverable under a contract measure of damages.").  Because plaintiff seeks the same damages in its fraud and breach of contract claims (*see* A.C. ¶¶ 29, 37), the fraud claim is duplicative of the breach of contract claims and should be dismissed.

In sum, plaintiff's fraud claim is defective in multiple respects.  Because (i) the amended complaint fails to plead numerous required elements for fraud, (ii) the allegations do not meet the particularity requirement of Rule 9(b) and (iii) the claim is duplicative of the breach of contract claims, the claim should be dismissed.

## II.    THE AMENDED COMPLAINT FAILS ADEQUATELY TO ALLEGE BREACH OF CONTRACT CLAIMS

In this case, plaintiff alleges two breach of contract claims -- one based on Glowpoint's alleged failure to meet the Minimum Amount and the other based on Glowpoint's alleged use of other vendors to provide services it allegedly was contractually obligated to purchase from plaintiff under the Exclusivity Provision.  Both claims should be dismissed on grounds of waiver.

Waiver is the intentional relinquishment of a known right.  *Travellers Int'l AG v. Trans World Airlines, Inc.*, 722 F. Supp. 1087, 1098 (S.D.N.Y. 1989) (TWA waived its right to allege breach of contract by failing to object to the transaction at issue and by "accept[ing] the benefits under the Contract for over a year after[wards]").  Generally, a party to a contract waives its right to sue a breaching party where, upon learning of the breach, it chooses to continue to perform under the contract and does not give "timely notice" of the breach to the breaching party.  *See Purchase Partners, LLC v. Carver Fed. Sav. Bank*, 914 F. Supp. 2d 480, 504 (S.D.N.Y. 2012) *on reconsideration in part*, No. 09 Civ. 9687 (JMF), 2013 WL 1499417 (S.D.N.Y. Apr. 10, 2013); *Laugh Factory, Inc. v. Basciano*, 608 F. Supp. 2d 549, 556-57 (S.D.N.Y. 2009) (Rakoff, J.) ("[D]efendants have waived . . . part of [their counter]claim.  If [plaintiff] had indeed failed to provide consulting services, defendants would certainly have been aware of this fact; and yet they continued to pay [plaintiff] up until September 2007, and they point to no evidence that they ever objected to his alleged non-performance.").

This point was illustrated precisely in *CDO Plus Master Fund Ltd. v. Wachovia Bank, N.A.*, No. 07 Civ. 11078 (LTS) (AJP), 2009 WL 2033048 (S.D.N.Y. July 13, 2009), where the court granted a motion to dismiss a breach of contract claim on the basis of waiver.[4]  In that case, the parties entered into a credit default swap, pursuant to which Wachovia paid regular premiums to plaintiff, CDO, in exchange for CDO's assumption of a certain risk of default.  To ensure that CDO had the ability to pay if a default occurred, the contract provided that CDO would deposit an initial sum of money with Wachovia, and Wachovia had the right, under certain circumstances to demand an additional deposit, known as a "Credit Support demand."  *See id.* at *2.  If CDO disputed a Credit Support demand, it could invoke the contract's dispute resolution

---

[4]  The court noted that its analysis of the Rule 12(c) motion was the same as the analysis used in connection with a Rule 12(b)(6) motion to dismiss.  *See id.* at *3.

provision.  *See id.*  As it happened, "Wachovia made more than fourteen demands for Credit

Support from CDO.  CDO acceded to the first seven Credit Support demands without protest. . . .

After complying with the seventh Credit Support demand, CDO wrote to Wachovia and

expressed concern about Wachovia's Credit Support demands. . . .  CDO thereafter acceded to

seven more of Wachovia's Credit Support demands."  *Id.*

Based on those facts, the Court held that CDO could not sue Wachovia for making

allegedly wrongful Credit Support demands because, by continuing to perform under the contract

and failing to exercise its remedies under the contract, CDO waived its breach of contract claim:

> CDO waived this claim by complying with those demands fourteen times and
> continuing to perform on the contract. . . . CDO complied with Wachovia's Credit
> Support demands on fourteen occasions without exercising its right under the
> CDO Contract to challenge the Credit Support demands through the Dispute
> Resolution provision. . . . CDO could . . . have invoked the Dispute Resolution
> provision without exposing itself to a technical default. It did not do so.
> Accordingly, the Court concludes based on CDO's own factual allegations and
> the integral transaction documents that CDO waived its right to assert that the
> CDO Contract does not permit Wachovia to make Credit Support demands.
> *Accord VCG Special Opportunities Master Fund Ltd.*[*v. Citibank, N.A.,* 594 F.
> Supp. 2d 334, 343 (S.D.N.Y. 2008)] (reaching the same conclusion as to
> substantially similar contract documentation for substantially similar transaction
> in which CDO acquiesced to four demands for additional collateral). CDO's
> assertion that Wachovia breached the contract by making Credit Support demands
> therefore fails to state a claim and Wachovia's motion for judgment on the
> pleadings will be granted as to CDO's Fourth Cause of Action.

*Id.* at *6-7.

The same reasoning led to a dismissal in *VCG* as well.  In *VCG*, plaintiff had made

payments pursuant to the defendant's demand for additional collateral, failed to invoke the

contract's dispute resolution provision and accepted "receipt of Citibank's regular payments

during this time."  594 F. Supp. 2d at 338, 342-43.  Given those facts, the court found that

plaintiff had waived its right to argue that those payments were wrongly demanded.  *Id.* at 342-

43; *see also VCG Special Opportunities Master Fund Ltd. v. Citibank, N.A.*, No. 08 Civ. 01563

11

(BSJ), 2009 WL 311362 (S.D.N.Y. Jan. 29, 2009) (denying reconsideration); *VCG Special Opportunities Master Fund Ltd. v. Citibank, N.A.*, 355 F. App'x 507, 508 (2d Cir. 2009) (affirming dismissal and denial of reconsideration "[s]ubstantially for the reasons stated in the District Court's Opinion and Order").

    a.  <u>Plaintiff Waived its Right to Enforce the Minimum Amount</u>

       Plaintiff alleges that Glowpoint breached the alleged contract by "repeatedly failing to pay" the Minimum Amount during the alleged five-year term. *See* A.C. ¶¶ 16, 21. Despite these "repeated[]" alleged breaches, plaintiff continued to perform under the contract. As a result, plaintiff has waived its right to enforce the Minimum Amount provision, unless it gave timely notice of the breach to Glowpoint. Tellingly, plaintiff alleges only that it "brought Glowpoint's breach of the Contract to Glowpoint's attention during the course of the Contract term." *See* A.C. ¶ 22. This is insufficient. *See CDO Plus Master Fund Ltd.*, 2009 WL 2033048 at *7 (finding no notice despite a letter to defendant expressing concern regarding alleged breaches). It is merely a "naked assertion" of notice "devoid of further factual enhancement" that cannot withstand a dismissal motion. *See Ashcroft*, 556 U.S. at 678 (internal quotation marks and citation omitted).

       It should be noted that plaintiff failed entirely in its original pleading to allege that it gave any notice of the alleged breaches despite plaintiff's continued performance under the contract. Glowpoint identified this defect in its motion to dismiss the complaint. *See* First Memo at 6-8. In its amended complaint, plaintiff has made a feeble effort to remedy the defect. Plaintiff does not allege when it gave "timely" "notice," whether after the first alleged breach or after any of the "multiple breaches." *See* A.C. ¶ 23. Moreover, plaintiff does not allege that it ever expressly reserved its right to sue Glowpoint, that it ever even invoiced Glowpoint for the Minimum

Amount or that it otherwise asserted its right to the Minimum Amount in any way. Consequently, plaintiff's own allegations show that plaintiff relinquished its right to any claim with respect to the Minimum Amount.  Thus, the breach of contract claim with respect to the Minimum Amount has been waived, and the claim should be dismissed.

     b.  <u>Plaintiff Waived its Right to Enforce the Exclusivity Provision</u>

Plaintiff alleges that Glowpoint "repeatedly violated the Contract's provisions requiring that Glowpoint purchase [plaintiff's] services on an exclusive basis."  *See* A.C. ¶ 25.  Plaintiff alleges that it learned of these alleged breaches during the contract term.  *See id.*  ¶ 36.  Despite learning of the alleged breaches of the Exclusivity Provision, plaintiff continued to perform under the contract.  Again, plaintiff waived its right to enforce the Exclusivity Provision, unless it gave timely notice of the alleged breaches to Glowpoint.

Here, plaintiff alleges only that it "brought Glowpoint's breach of the Contract to Glowpoint's attention during the course of the Contract Term."  *See* A.C. ¶ 27.  Plaintiff does not allege when it gave "notice" or whether such "notice" was "timely."  *See* AC. ¶¶ 24-29.  Therefore, as with the Minimum Amount claim, the allegations prove that plaintiff relinquished its right to any claim with respect to the Exclusivity Provision.  *See CDO Plus Master Fund Ltd.*, 2009 WL 2033048 at *7.  Thus, the breach of contract claim with respect to the Exclusivity Provision has been waived, and the claim should be dismissed.

## III.    <u>ANY REQUEST FOR LEAVE TO REPLEAD SHOULD BE DENIED</u>

A court properly may dismiss a complaint without leave to replead "when a party has been given ample prior opportunity to allege a claim."  *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 71-72 (2d Cir. 1996) (affirming dismissal of complaint without leave to file another amended complaint).

Here, the amended complaint should be dismissed without leave to replead because plaintiff has had ample opportunity to allege a claim, but has been unable to do so.  After plaintiff filed its initial complaint, Glowpoint filed a motion to dismiss that detailed the defects in each of plaintiff's claims.  Plaintiff availed itself of the procedure set forth in the Court's Individual Practices in Civil Cases for amending pleadings after a motion to dismiss is filed.  Plaintiff has failed, however, to cure the deficiencies that Glowpoint identified.

Any further amendment would be futile, and the complaint should be dismissed without leave to replead.  *See Burgos v. Airday*, No. 00 Civ. 4288 (VM), 2001 WL 995342, at *12 (S.D.N.Y. Aug. 29, 2001) ("[T]he amended complaint is dismissed without leave to amend, as [plaintiff] has already amended once as of right and another amendment would be futile.").

<u>**CONCLUSION**</u>

For the foregoing reasons Glowpoint respectfully requests that the Court dismiss the amended complaint in its entirety and with prejudice.


Dated: New York, New York             **SULLIVAN & WORCESTER LLP**
        November 2, 2015

                                       By:___/s/Harry H. Rimm_____
                                            Harry H. Rimm
                                            Clark Freeman

                                       1633 Broadway
                                       New York, New York 10019
                                       Telephone: (212) 660-3000
                                       Facsimile: (212) 660-3001

                                       *Attorneys for Defendant Glowpoint, Inc.*