UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UTC ASSOCIATES INC.,                          :
                                              :
                    Plaintiff,                :
                                              :          15 Civ. 5795 (VEC) (RLE)
            - against -                       :
                                              :
GLOWPOINT INC.,                               :
                                              :
                    Defendant.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**GLOWPOINT, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF MOTION TO DISMISS AMENDED  COMPLAINT**


**SULLIVAN & WORCESTER LLP**

1633 Broadway
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001

*Attorneys for Defendant Glowpoint, Inc.*

# TABLE OF CONTENTS

ARGUMENT ............................................................................................................. 1

I.     THE AMENDED COMPLAINT FAILS ADEQUATELY TO ALLEGE
       A FRAUD CLAIM ......................................................................................... 2

       a.    Plaintiff Cannot Assert a New Claim in its Opposition ................................ 2

       b.    The Amended Complaint Fails Adequately to Allege Falsity ...................... 3

       c.    The Amended Complaint Fails Adequately to Allege Intent
             to Defraud ............................................................................................... 4

       d.    The Amended Complaint Fails Adequately to Allege Reliance .................. 4

       e.    The Amended Complaint Fails Adequately to Allege that
             Plaintiff Suffered Damages as a Result of Any Reliance ........................... 5

       f.    Certain of the Alleged Misstatements are not Pled with the
             Requisite Particularity ............................................................................. 6

       g.    The Fraud Claim is Duplicative of the Breach of Contract Claims ........... 6

II.    THE AMENDED COMPLAINT FAILS ADEQUATELY TO ALLEGE
       BREACH OF CONTRACT CLAIMS ............................................................. 8

       a.    Plaintiff's Breach of Contract Claims May Be Dismissed on
             Grounds of Waiver at the Motion to Dismiss Stage .................................. 8

       b.    Plaintiff Waived its Right to Enforce the Minimum Amount
             and the Exclusivity Provision ..................................................................... 9

III.   THE REQUEST FOR LEAVE TO REPLEAD SHOULD BE DENIED .......... 10

CONCLUSION ........................................................................................................ 10

## **TABLE OF AUTHORITIES**

<u>Cases</u>

*Anwar v. Fairfield Greenwich Ltd.,*
  286 F.R.D. 258 (S.D.N.Y. 2012) ........................................................................................ 6

 *Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)................................................................................................. 1, 5, 9

*Bell Atlantic Corp. v. Twombly,*
  50 U.S. 544 (2007)............................................................................................................ 1

*Bond v. City of New York,*
  No. 14 Civ. 2431 (RRM) (VVP), 2015 WL 5719706 (E.D.N.Y. Sept. 28, 2015)................... 5

*Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.,*
  98 F.3d 13 (2d Cir. 1996)..........................................................................................*Passim*

*Burgos v. Airday,*
  No. 00 Civ. 4288 (VM), 2001 WL 995342 (S.D.N.Y. Aug. 29, 2001) .................................. 10

*CDO Plus Master Fund Ltd. v. Wachovia Bank, N.A.,*
  No. 07 Civ. 11078 (LTS) (AJP), 2009 WL 2033048 (S.D.N.Y. July 13, 2009) ............... 9, 10

*Channel Master Corp. v. Aluminum Ltd. Sales,*
  4 N.Y.2d 403 (1958) ........................................................................................................ 7

*Computech Int'l, Inc. v. Compaq Computer Corp.,*
  No. 02 Civ. 2628 (RWS), 2004 WL 1126320 (S.D.N.Y. May 21, 2004) ............................... 8

*Conley v. Gibson,*
  355 U.S. 41 (1957)....................................................................................................... 1, 2

*Deerfield Commc'ns Corp. v. Chesebrough-Ponds, Inc.,*
  68 N.Y.2d 954 (1986) ...................................................................................................... 7

*E.E.O.C. v. Port Auth. of New York & New Jersey,*
  768 F.3d 247 (2d Cir. 2014)............................................................................................. 2

*Gordon v. Dino De Laurentiis Corp.,*
  141 A.D.2d 435 (1st Dep't 1988) ..................................................................................... 7

*Gotham Boxing Inc. v. Finkel,*
  No. 601479-2007, 2008 WL 104155 (N.Y. Sup. Jan. 8, 2008) ............................................. 8

*Graubard Mollen & Dannett and Horowitz v. Moskowitz,*
  86 N.Y.2d 112 (1995) ...................................................................................................... 7

*Harris v. New York State Dep't of Health,*
  202 F. Supp. 2d 143 (S.D.N.Y. 2002)...................................................................5

*Kaye Dentistry v. Turchin,*
  No. 13 Civ. 5306 (JMF), 2014 WL 2649976 (S.D.N.Y. June 13, 2014)................................4

*Kleinerman v. 245 E. 87 Tenants Corp.,*
  74 A.D.3d 448 (1st Dep't 2010) .......................................................................7

*Leventhal v. Martin,*
  25 A.D.2d 508 (1st Dep't 1966) .......................................................................7

*Metro. Transp. Auth. v. Triumph Adver. Prods., Inc.,*
  116 A.D.2d 526 (1st Dep't 1986) ......................................................................7

*Peacock v. Suffolk Bus Corp.,*
  100 F. Supp. 3d 225 (E.D.N.Y. 2015) .................................................................2

*Purchase Partners, LLC v. Carver Fed. Sav. Bank,*
  914 F. Supp. 2d 480 (S.D.N.Y. 2012) .................................................................8

*Raine v. Lorimar Prods., Inc.,*
  71 B.R. 450 (S.D.N.Y. 1987)...........................................................................1

*Rich v. New York Central & Hudson River R.R. Co.,*
  87 N.Y. 382 (1882) ...................................................................................7

*Sabo v. Delman,*
  3 N.Y.2d 155 (1957) ..................................................................................7

*Schonfeld v. Hilliard,*
  No. 95 Civ. 3052 (MBM), 1997 WL 171372 (S.D.N.Y. Apr. 10, 1997) ..............................8

*Telecom Int'l Am., Ltd. v. AT&T Corp.,*
  280 F.3d 175 (2d Cir. 2001)...........................................................................3

*VCG Special Opportunities Master Fund Ltd. v. Citibank, N.A.,*
  594 F. Supp. 2d 334 (S.D.N.Y. 2008)...............................................................9, 10

*Wright v. Ernst & Young LLP,*
  152 F.3d 169 (2d Cir. 1998)...........................................................................2

Rules

Rule 12(b)(6) of the Federal Rules of Civil Procedure..................................................1

Rule 9(b) of the Federal Rules of Civil Procedure ...............................................2, 6

Plaintiff's opposition highlights the inadequacies of its allegations in the amended complaint.  Plaintiff ignores significant cases that Glowpoint cites and several arguments advanced by Glowpoint in favor of dismissal.  Instead of directly addressing Glowpoint's arguments as to why plaintiff's fraud and breach of contract claims should be dismissed, plaintiff urges the Court to sustain its pleading under the lenient pleading standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), which has not been the law for at least six years.  Plaintiff also improperly attempts to add allegations to the amended complaint through unsworn statements of counsel.  Plaintiff even goes so far as to attempt to plead an entirely new claim for fraudulent inducement in its opposition.

Such antics should not be countenanced.  For the following reasons, and for the those set forth in Glowpoint's initial brief, the amended complaint should be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules").

## ARGUMENT

Plaintiff contends that the fact that its "allegations do not support a particular legal theory advanced should not necessarily result in dismissal: rather, the court must examine the complaint to determine whether the allegations provide for relief on any possible theory."  *See* Plaintiff's Memorandum in Opposition, dated Nov. 30, 2015 (the "Opposition Memo") at 1.  For support, plaintiff cites to cases that rely on the "no set of facts" standard set forth in *Conley*, 355 U.S. at 45-46.  *See* Opposition Memo at 1 (citing cases, *e.g.*, *Raine v. Lorimar Prods., Inc.*, 71 B.R. 450, 452-53 (S.D.N.Y. 1987) (applying *Conley*'s "no set of facts" standard)).

As this Court is aware, the "no set of facts" standard was abrogated by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Today, "[c]ontrary to *Conley*'s 'no-set-of-facts' standard, which requires only that a complaint not

*preclude* the viability of claims, *Twombly* and *Iqbal* require that a complaint *support* the viability of its claims by pleading sufficient nonconclusory factual matter to set forth a claim that is plausible on its face." *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 253 (2d Cir. 2014) (emphasis in original).   In this case, the amended complaint fails to support the viability of its claims for fraud and breach of contract and should be dismissed.

## I.   THE AMENDED COMPLAINT FAILS ADEQUATELY TO ALLEGE A FRAUD CLAIM

*Conley*'s liberal standard has never been the benchmark for the adequacy of fraud claims, not even when *Conley* was good law; a fraud claim must be pled with particularity under Rule 9(b) of the Federal Rules.  *See* Fed R. Civ. P. 9(b).

### a.   Plaintiff Cannot Assert a New Claim in its Opposition

Recognizing that its fraud claim is not pled with the requisite particularity, plaintiff urges the Court to pretend that the amended complaint contains a claim for fraudulent inducement and then to evaluate whether there is any possible way in which the allegations in the amended complaint could be construed to support that unpled claim.  *See* Opposition Memo at 6-10.  The problems with plaintiff's argument are at least twofold.

First, it is well established that a plaintiff cannot amend its pleading in a brief in opposition to a dismissal motion.  *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (affirming dismissal of complaint and explaining that plaintiff cannot amend its pleading through statements in its motion papers); *Peacock v. Suffolk Bus Corp.*, 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) ("It is well-settled that a plaintiff 'cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss.'").

Second, even assuming the amended complaint properly included a cause of action for fraudulent inducement, that claim would be duplicative of plaintiff's breach of contract claim.

Plaintiff's theory of fraudulent inducement is based on the argument that Glowpoint "promised a minimum guaranty and exclusivity to secure favorable pricing, although it never intended to satisfy its promise." *See* Opposition Memo at 10. This is a transparent attempt by plaintiff to dress up its breach of contract claim as a fraudulent inducement claim by further arguing that Glowpoint had no intention of performing at the time of the alleged contract's making. However, where a fraudulent inducement claim arises out of the same facts as a breach of contract claim, "with the addition only of an allegation that defendant never intended to perform the precise promises spelled out in the contract between the parties," the claim is redundant and should be dismissed. *Telecom Int'l Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 196 (2d Cir. 2001) ("[Plaintiff's] fraudulent inducement claim therefore also fails because it is simply a breach of contract claim in the tort clothing of (factually unsupported) allegations of an intent to breach."); *see also infra* at 6-8; *Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996) (false statements of intent to perform "not sufficient to support a claim of fraud under New York law."). Moreover, it further must be noted that the amended complaint does not even contain an allegation that Glowpoint never intended to perform under the alleged contract. For these reasons, ever were it properly pled, the "fraudulent inducement claim" would have to be dismissed.

b.  The Amended Complaint Fails Adequately to Allege Falsity

As noted in Glowpoint's opening brief, the amended complaint contains no factually-supported allegation that the alleged statements were false when made -- plaintiff does not allege that Glowpoint was financially capable of meeting the Minimum Amount or that Glowpoint was using other companies in violation of the Exclusivity Provision at the time when the alleged statement was made. *See* Glowpoint's Memorandum in Support, dated Nov. 2, 2015 (the

"Supporting Memo") at 4.  In its opposition, plaintiff ignores Glowpoint's case law (*see id.*) and improperly invites the Court to speculate that the alleged statements were false.  *See* Opposition Memo at 11.  Plaintiff's fraud claim should be dismissed on this ground alone.

### c.  The Amended Complaint Fails Adequately to Allege Intent to Defraud

In its opposition, plaintiff does not dispute that it did not allege anywhere in the amended complaint that Glowpoint intended to defraud plaintiff.  Nor does plaintiff dispute that its conclusory allegations that (i) Glowpoint knew the alleged statements to be false and (ii) Glowpoint "believed that UTC relied on such representations" (Am. Compl., dated Oct. 13, 2015 (the "A.C.") ¶ 34) are insufficient to give rise to the requisite strong inference of fraudulent intent.  *See* Supporting Memo at 4-5; *see also Kaye Dentistry v. Turchin*, No. 13 Civ. 5306 (JMF), 2014 WL 2649976, at *5 (S.D.N.Y. June 13, 2014) (no strong inference of fraudulent intent where plaintiff alleged that defendants "knew that their representation . . . [was] false").

In addition, plaintiff argues only that Glowpoint made the alleged false statements with the motive of persuading plaintiff to continue to provide cheap services under the contract.  *See* Opposition Memo at 12.  However, this allegation is nowhere to be found in the amended complaint.  For these reasons the fraud claim should be dismissed.

### d.  The Amended Complaint Fails Adequately to Allege Reliance

As set forth in Glowpoint's opening memorandum (*see* Supporting Memo at 5-6), the vague allegation that the alleged misstatements and omission -- *more than three years into the contract term* -- caused plaintiff to "allocat[e] developers who could not be developed elsewhere and dedicat[e] time from [plaintiff's] recruiting team to find personnel" (A.C. ¶ 35) is not plausible.  Indeed, plaintiff does not seriously contest the implausibility and instead asserts that the allegations need not be plausible to survive a motion to dismiss.  *See* Opposition Memo at 13-14.  Again, plaintiff applies the wrong legal standard.  *See id.*  Plaintiff's allegations must, in

the first instance, be plausible to avoid dismissal. *See Iqbal*, 556 U.S. at 678 (explaining that a plaintiff's claim must be more than "possib[le]," it must be "plausible on its face"). Plaintiff's allegations are not plausible on their face, and the fraud claim should be dismissed.

Recognizing the deficiency of its allegations, plaintiff's counsel attempts to bolster the amended complaint by stating in opposition that "plaintiff has informed the undersigned that it lost key personnel to service the defendant who ultimately were underutilized to plaintiff's detriment." Opposition Memo at 13. Counsel's attempt to add allegations to the amended complaint through his own unsworn statements is grossly improper and cannot be considered on this motion to dismiss. *See Harris v. New York State Dep't of Health*, 202 F. Supp. 2d 143, 175 (S.D.N.Y. 2002) ("A plaintiff cannot oppose a motion to dismiss through assertions of facts and references to documents not reflected in the complaint at issue."); *Bond v. City of New York*, No. 14 Civ. 2431 (RRM) (VVP), 2015 WL 5719706, at *5 (E.D.N.Y. Sept. 28, 2015) (refusing to consider "unsworn statements of . . . counsel" in brief in opposition to dismissal motion).

e. The Amended Complaint Fails Adequately to Allege
that Plaintiff Suffered Damages as a Result of Any Reliance

For its fraud claim, plaintiff argues that its damages are "equal to the revenues that defendant paid other vendors separate and apart from the revenues that it was required to pay plaintiff pursuant to the minimum guarantee provisions of the Contract." Opposition Memo at 14. However, as Glowpoint pointed out in its opening brief (*see* Supporting Memo at 6-9), those are exactly the same damages that plaintiff seeks to recover with its breach of contract claim. *See* A.C. at ¶¶ 29, 37. Indeed, the only harm alleged in the amended complaint is that Glowpoint did not abide by the contract. *See* A.C. at ¶¶ 16-17.

In its opposition, plaintiff does not address the argument that the alleged misstatements and omission have no causal connection to plaintiff's alleged damages and cannot support a

claim of fraud. *See Anwar v. Fairfield Greenwich Ltd.*, 286 F.R.D. 258, 260 (S.D.N.Y. 2012) (dismissing fraud claim where complaint failed to "allege with particularity what [defendant] obtained through the fraud"). For this further reason, the fraud claim should be dismissed.

      f.  <u>Certain of the Alleged Misstatements are not Pled with the Requisite Particularity</u>

Glowpoint also argued in its opening brief that, as to the alleged February 20, 2014 misstatement, plaintiff failed to plead its claim with the requisite particularity under Rule 9(b). *See* Supporting Memo at 7 (citing to A.C. ¶ 31). Plaintiff acknowledges this fact in its opposition brief. *See* Opposition Memo at 10. Plaintiff should not be allowed to rely on an alleged statement of which it allegedly was aware, but chose not to plead with particularity.[1]

      g.  <u>The Fraud Claim is Duplicative of the Breach of Contract Claims</u>

As explained in Glowpoint's opening brief (Supporting Memo at 7-8), parallel contract and fraud claims may be brought only if a plaintiff alleges: (1) the violation of a legal duty separate and apart from the contractual duty to perform, (2) a fraudulent misrepresentation collateral or extraneous to the contract or (3) special damages proximately caused by the fraudulent representation that are not recoverable under the contract measure of damages. *See Bridgestone/Firestone*, 98 F.3d at 20.

Plaintiff fails to address *Bridgestone* and does not attempt to argue that the amended complaint alleges the existence of a duty separate from the contract or that special damages exist. Plaintiff appears to argue only that its fraud claim (and "fraudulent inducement claim") is not duplicative because it is based on allegedly actionable false statements of intent to perform.

---

[1] Glowpoint similarly identified in its opening brief the apparent inconsistency between paragraphs 31 and 32 of the amended complaint -- paragraph 31 of the amended complaint identifies September 10, 2013 as the only date in September 2013 on which Glowpoint made any alleged misstatements, while paragraph 32 alleges that Glowpoint's Chief Executive Officer made misstatements at a September 23, 2013 meeting. *See* Supporting Memo at 7 n.3. Plaintiff fails to address this point in its opposition. Glowpoint argued that, if the reference in paragraph 32 to September 23, 2013 is not a typographical error, plaintiff should not be allowed to rely on the alleged September 10, 2013 misstatements to support its fraud claim because its amended pleading does not allege where or when these statements were made. *See id.*

Even assuming that one could infer from the allegations that Glowpoint made false assurances that it would perform, that would be insufficient to state a claim for fraud under New York law. *See Bridgestone/Firestone, Inc.*, 98 F.3d at 19 ("[T]hese facts amount to little more than intentionally-false statements by Beladino indicating his intent to perform under the contract. That is not sufficient to support a claim of fraud under New York law.").

The cases upon which plaintiff relies are distinguishable and not to the contrary.  None of these cases that sustains a fraud claim, however, holds that a claim for fraud may proceed in tandem with a breach of contract claim where the fraud claim is based only on the defendant's false promise that it would perform under the contract.  *See, e.g., Deerfield Commc'ns Corp. v. Chesebrough-Ponds, Inc.*, 68 N.Y.2d 954, 956 (1986) (involving defendant who falsely promised to sell products within certain geographical area and no parallel breach of contract claim was pled).[2]

It has long been the law in New York that "[a] fraud claim is not sufficiently stated where it alleges that a defendant did not intend to perform a contract with a plaintiff when he made it." *Gordon v. Dino De Laurentiis Corp.*, 141 A.D.2d 435, 436 (1st Dep't 1988).[3]  Indeed, the Second Circuit has held that intentionally-false statements of intent to perform under a contract are not sufficient to support a claim of fraud in New York.  *See Bridgestone/Firestone, Inc.*, 98

---

[2] *See also Graubard Mollen & Dannett and Horowitz v. Moskowitz*, 86 N.Y.2d 112, 122 (1995) (involving defendant, who owed plaintiff a fiduciary obligation, and who made promises in addition to those set forth in the contract in order to induce plaintiff to enter into contract); *Channel Master Corp. v. Aluminum Ltd. Sales*, 4 N.Y.2d 403, 407 (1958) (involving representation of existing fact that plaintiff had available and uncommitted supplies and productive capacity of aluminum ingot); *Sabo v. Delman*, 3 N.Y.2d 155, 160 (1957) (involving promises not set forth in relevant contract); *Rich v. New York Central & Hudson River R.R. Co.*, 87 N.Y. 382 (1882) (involving a willful refusal to perform a contract in order to push plaintiff into foreclosure).

[3] *See Kleinerman v. 245 E. 87 Tenants Corp.*, 74 A.D.3d 448, 449 (1st Dep't 2010) ("Supreme Court should also have dismissed the fraud claim . . . because it arises out of the facts and circumstances identical to the action for breach of contract."); *Metro. Transp. Auth. v. Triumph Adver. Prods., Inc.*, 116 A.D.2d 526, 527 (1st Dep't 1986) (fraud claim "alleges only a breach of the representation of performance implicit in making the bid and a subsequent assurance of performance . . . None of these allegations is distinct from those giving rise to the breach of contract claim"); *Leventhal v. Martin*, 25 A.D.2d 508, 508 (1st Dep't 1966) ("The proof as to the second cause of action for fraudulently entering into the agreement . . . with no intention of complying therewith fails to establish actionable fraud.").

F.3d at 19 (false statements of intent to perform "not sufficient to support a claim of fraud under New York law.").

In light of the foregoing, plaintiff's argument that it could adequately allege a claim for fraud (and fraudulent inducement) based on Glowpoint's alleged promises of performance fails as a matter of law.[4]

## II.     THE AMENDED COMPLAINT FAILS ADEQUATELY TO ALLEGE BREACH OF CONTRACT CLAIMS

As set forth in Glowpoint's opening brief, plaintiff's two breach of contract claims -- relating to (i) Glowpoint's alleged failure to meet the Minimum Amount and (ii) Glowpoint's alleged failure to comply with the Exclusivity Provision -- should be dismissed on grounds of waiver.  *See* Supporting Memo at 9-13.

a.   Plaintiff's Breach of Contract Claims May Be Dismissed on Grounds of Waiver at the Motion to Dismiss Stage

Plaintiff does not dispute, and indeed "accepts" (*see* Opposition Memo at 3) that generally a party to a contract waives its right to sue a breaching party where, upon learning of the breach, it chooses to continue to perform under the contract and does not give timely notice of the breach to the breaching party.  *See Purchase Partners, LLC v. Carver Fed. Sav. Bank*, 914 F. Supp. 2d 480, 504 (S.D.N.Y. 2012) (Furman, J.).  Plaintiff argues only that waiver usually is a question of fact and cites a number of cases where courts could not determine waiver as a matter of law under the specific facts before them.  *See* Opposition Memo at 5.  As a result, these cases are dispositive of nothing.

---

[4]  Plaintiff's other cites are inapposite.  *See Computech Int'l, Inc. v. Compaq Computer Corp.*, No. 02 Civ. 2628 (RWS), 2004 WL 1126320, at *8 (S.D.N.Y. May 21, 2004) ("In order to establish such a fraudulent intent, a party must demonstrate facts above and beyond mere non-performance."); *Schonfeld v. Hilliard*, No. 95 Civ. 3052 (MBM), 1997 WL 171372 (S.D.N.Y. Apr. 10, 1997) (asserting uncontroversial point that a plaintiff can join a fraud claim and a breach claim with respect to the same contract); *Gotham Boxing Inc. v. Finkel*, No. 601479-2007, 2008 WL 104155, at *9 (N.Y. Sup. Jan. 8, 2008) (explaining that the "First Department has also dismissed fraud claims based on *future expectation,* where they were based merely on a vague allegation that the defendant never intended to comply with a particular contract.").

Plaintiff does not dispute that a complaint may be dismissed on grounds of waiver based on the allegations in the complaint alone. *See CDO Plus Master Fund Ltd. v. Wachovia Bank, N.A.*, No. 07 Civ. 11078 (LTS) (AJP), 2009 WL 2033048 (S.D.N.Y. July 13, 2009) (finding waiver of right to sue based on allegations in complaint). Plaintiff also chooses to ignore *VCG Special Opportunities Master Fund Ltd. v. Citibank, N.A.,* 594 F. Supp. 2d 334, 342-43 (S.D.N.Y. 2008), a case cited by and upon which Glowpoint relies, in which the court found waiver based upon the allegations in the complaint.

b.  Plaintiff Waived its Right to Enforce the Minimum Amount
    and the Exclusivity Provision

Plaintiff does not contest that, despite Glowpoint's repeated alleged breaches of the alleged contract with respect to the Minimum Amount and the Exclusivity Provision, plaintiff continued to perform under the contract. *See* A.C. ¶¶ 16-19. Consequently plaintiff has waived its right to enforce the Minimum Amount and the Exclusivity Provision, unless it gave timely notice of the alleged breaches to Glowpoint. Plaintiff alleges only that it "brought Glowpoint's breach . . . to Glowpoint's attention during the . . . the Contract term." *See* A.C. ¶¶ 22, 27. This is insufficient. *See CDO*, 2009 WL 2033048 at *7 (finding no notice despite a letter to defendant expressing concern regarding alleged breaches); *see also Ashcroft*, 556 U.S. at 678 ("naked assertion" "devoid of further factual enhancement" insufficient to withstand dismissal motion).

Plaintiff attempts to distinguish *CDO* on the ground that plaintiff in that case did not allege that, while acceding to the credit support demands, it ever provided notice to defendant, whereas, here, plaintiff alleges that it "brought . . . [the] breach . . . to Glowpoint's attention." *See* Opposition Memo at 4. However, plaintiff ends up highlighting how similar the facts in *CDO* are to those in the present case. The plaintiff in *CDO* alleged that, after complying with numerous credit support demands, it wrote to defendant to express its concern, but then

proceeded to comply with numerous more demands.  *See CDO*, 2009 WL 2033048 at *7.  The court held that plaintiff nonetheless had waived its right to sue.  *See id.*  Similarly here, plaintiff vaguely alleges that it brought the breaches to Glowpoint's attention at some point during the five-year term, but continued to perform.  *See* A.C. ¶¶ 22, 27.  As in *CDO*, plaintiff's own allegations demonstrate that it has waived any right to sue.  *See also VCG,* 594 F. Supp. 2d at 342-43 (finding waiver where plaintiff repeatedly performed without giving notice of breach).

## III.    THE REQUEST FOR LEAVE TO REPLEAD SHOULD BE DENIED

At the initial pre-trial conference in this matter, the Court informed plaintiff that, should it amend its complaint in response to Glowpoint's motion to dismiss, but fail to correct the deficiencies in its claims, plaintiff would have a higher burden seeking a second opportunity to amend.  Plaintiff did amend its complaint after Glowpoint filed its initial motion to dismiss, but the amended complaint remains defective.   The amended complaint therefore should be dismissed with prejudice.  *See Burgos v. Airday*, No. 00 Civ. 4288 (VM), 2001 WL 995342, at *12 (S.D.N.Y. Aug. 29, 2001) (no leave to replead where second amendment would be futile).

### CONCLUSION

For the foregoing reasons, defendant Glowpoint, Inc. respectfully requests that the Court dismiss the amended complaint in its entirety and with prejudice.

Dated: New York, New York                         **SULLIVAN & WORCESTER LLP**
        December 14, 2015


                                                   By:    /s/Harry H. Rimm
                                                        Harry H. Rimm
                                                        Clark Freeman

                                                   1633 Broadway
                                                   New York, New York 10019
                                                   Telephone: (212) 660-3000
                                                   Facsimile: (212) 660-3001

                                                   *Attorneys for Defendant Glowpoint, Inc.*

10